**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION**

SHAELYN MACK,

      Plaintiff,

                              CASE NO.:

vs.

DAHER AIRCRAFT, INC., A
FOREIGN PROFIT CORPORATION,

      Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, SHAELYN MACK ("MACK" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, DAHER AIRCRAFT, INC., a foreign profit corporation ("Defendant") and alleges the following:

1. Plaintiff brings these claims for disability discrimination and retaliation against Defendant for its unlawful termination of Plaintiff based upon her disabilities, and her objections to Defendant's discrimination against such disabilities, in violation of the Americans with Disabilities Act of 1990, as amended. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

**JURISDICTION**

2. The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.*

**VENUE**

3. Venue is proper because Defendant conducts substantial business in

Broward County, Florida, and Plaintiff worked for Defendant in Broward County, Florida, where the actions at issue took place.

## PARTIES

4. Plaintiff is a disabled female who, during all times relevant, was protected by the ADA because:

   a. She was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

   b. She suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

5. Defendant was at all material times an "employer" as defined by the ADA.

## CONDITIONS PRECEDENT

6. Plaintiff, on or about April 11, 2019, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant.

7. On August 13, 2019, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

8. Plaintiff timely files this action within the applicable period of limitations against Defendant.

9. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

10. Plaintiff worked for Defendant from November 26, 2006, until her termination on August 23, 2018.

11. Plaintiff was initially hired as a Warehouse Parts Coordinator, and was

2

promoted to a Marketing Technology Analyst in 2012; thereafter, in 2016, Defendant asked Plaintiff to be a Warehouse Supervisor where she remained until her termination.

12. During her tenure, Ms. Mack was an excellent employee.

13. Plaintiff worked without issue until August 2017, when Defendant hired Nick Debrizzi ("Mr. Debrizzi") to work at its Pompano Beach location.

14. Plaintiff trained Mr. Debrizzi for months until he was awarded a Manager position.

15. Unfortunately, upon becoming a Manager, Mr. Debrizzi engaged in a pattern of harassing and cruel behavior towards Ms. Mack which made her working life unbearable.

16. Plaintiff suffers from among other medical issues, depression, anxiety, and panic attacks, all of which are considered "protected disabilities" under the ADA.

17. Plaintiff regularly treated with her medical team regarding same, and notified Defendant of her disabilities and ongoing need for accommodation under the ADA.

18. To that end, and as a result of her disabilities, Plaintiff sometimes required accommodation to remain home from work or leave early to seek treatment from her medical team.

19. Unfortunately, when Plaintiff sought treatment or needed accommodation, Mr. Debrizzi intensified his harassing and demeaning attacks, effectively aggravating Ms. Mack's symptoms.

20. Left with no choice, Ms. Mack then disclosed her condition to Human Resources Manager, Patti Chase ("Ms. Chase") and requested accommodation to ensure same was documented and not just discussed verbally.

21.     Because Defendant claimed it was not FMLA covered, Ms. Chase instructed Ms. Mack that if she needed to take time away from work due to her disability, she could track her time with Defendant's time banking system and utilize Defendant's short-term disability program.

22.     Unable to withstand the toxic work atmosphere perpetrated by Mr. Debrizzi, Plaintiff applied for, and was approved for, short-term disability-leave from February 2018 to June 2018 to properly treat her disabilities.

23.     As a result of this need for time away from work due to her disabilities, Ms. Chase and Vice President of Operations, Michael Bennett ("Mr. Bennett") scheduled a meeting with Plaintiff and advised her that she was being demoted to a "Warehouse Materials Handler" role, and she ultimately would be changed from a salaried to hourly position.

24.     This news was particularly shocking to Plaintiff because at this point in her employment, Plaintiff was in good standing with Defendant and had not received write-ups, suspensions, or disciplinary actions from Defendant.

25.     In fact, prior to disclosing her need for time away from work due to her disabilities, Defendant offered Plaintiff a promotion to a supervisory role.

26.     Despite this negative change in her work title, status, and pay, Plaintiff continued to diligently perform her work duties for Defendant after she returned from her leave in June 2018.

27.     Unfortunately, Mr. Debrizzi's harassment intensified after Plaintiff returned to work despite the former being aware of her disabilities.

28.     Over the following months, Mr. Debrizzi accused Plaintiff of being "rude", "not doing [her] work," and constantly harassed her to the point where Plaintiff

could not even walk to the restroom without being bombarded with calls and demeaning comments about her medical conditions.

29. These comments intensified when Plaintiff again began seeking treatment for her disabilities during work hours, leaving her to feel that she was being forced out of her employment simply because of her disabilities.

30. Mr. Debrizzi did not treat other similarly situated and non-disabled employees in the same manner as Plaintiff, and treated her this way, specifically because of her disabilities.

31. Desperate to remedy her toxic work environment, Plaintiff reached out to Ms. Chase on multiple occasions during the Summer of 2018 seeking her intervention with regard to the disparate manner in which she was being treated based on her disabilities.

32. During such meeting, Ms. Chase instructed Plaintiff to "stand up for herself" in response to the manner in which she was being treated by Mr. Debrizzi.

33. In August 2018, Mr. Debrizzi's harassment toward Plaintiff reached a breaking point.

34. In mid-August 2018, Mr. Debrizzi stormed into Plaintiff's office, yelling and screaming about an issue regarding mechanical parts that Defendant received.

35. When Plaintiff attempted to explain that she followed protocol and issued the parts to the mechanics, Mr. Debrizzi became infuriated, moved close to Plaintiff, shoved his finger in front of her face, and continued berating her.

36. After this outburst, Mr. Bennett visited Plaintiff to inquire about the nature of the confrontation.

37. After advising him of the events that transpired and the discrimination and

retaliation to which she was being subjected, Mr. Bennett simply asked Plaintiff to "stay away" from Mr. Debrizzi for the coming days.

38.  Plaintiff was not written up or disciplined at that time.

39.  And, while Defendant's management clearly was aware of Mr. Debrizzi's cruel and discriminatory behavior toward Plaintiff based on her disabilities, it failed to take any productive steps to mitigate the discrimination to which Plaintiff was being subjected on a daily basis.

40.  The following week, on August 23, 2018, Plaintiff was summoned to a meeting with CFO, Adnan Jamali, and Ms. Chase, where she was fired and handed a termination letter.

41.  By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the Florida Civil Rights Act.

42.  At all material times hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with or without reasonable accommodation.

43.  Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

44.  Defendant's stated reasons for Plaintiff's termination are pretext.

45.  Defendant subjectively enforced its alleged workplace policies against Plaintiff due to her disabilities, and did not enforce same against its other non-disabled employees.

46.  Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and objections to same.

47. There is a close temporal nexus between Plaintiff's objections to disability discrimination in the workplace, and her termination.

48. Plaintiff was terminated because of her disabilities and her objections to Defendant's discrimination regarding same.

## COUNT I:

## AGAINST DEFENDANT FOR DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

49. Plaintiff realleges and adopts the allegations contained in paragraphs 1-48 as if fully set forth in this Count.

50. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination/harassment under the ADA.

51. The discrimination/harassment to which Plaintiff was subjected was based on her disability and/or "perceived disability."

52. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

53. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

55. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that this Court will:

56. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

57. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

58. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

59. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

60. Provide any additional relief that this Court deems just.

## COUNT II:

## AGAINST DEFENDANT FOR RETALIATION UNDER THE ADA

61. Plaintiff realleges and adopts the allegations contained in paragraphs 1-48, as if fully set forth in this Count.

62. Plaintiff was terminated within close temporal proximity of her objections to Defendant's discrimination toward her based on her disabilities.

63. Plaintiff's objections to management regarding perceived discrimination toward her based on her disabilities, constituted protected activity pursuant to Section 42 U.S.C. § 12203 of the ADA.

64. Plaintiff was terminated as a direct result of her objections and requests for accommodation.

65. Plaintiff's objections to perceived disability discrimination and requests for

accommodation under the ADA, and her termination are causally related and share a close temporal proximity.

66. Defendant's stated reasons for Plaintiff's termination are a pretext.

## REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

67. Issue a declaratory judgment that the retaliation to which Plaintiff was subjected, was a violation of Plaintiff's rights under the ADA;

68. Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

69. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

70. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), FLA. STAT.; and

71. Provide any additional relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 21st day of August 2019

                                                    Respectfully submitted,

**By:/s Richard Guadagnolo**
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Guadagnolo, Esq.
Florida Bar No. 109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: rich@floridaovertimelawyer.com
Attorneys for Plaintiff